UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALPHONSE L. REDDICKS,

    Plaintiff,

v.

PACIFIC MARITIME ASSOCIATION, and
LOCAL 23 LONGSHOREMAN'S UNION,

    Defendants.

Case No. C04-5714RJB

ORDER DENYING DEFENDANT PACIFIC MARITIME ASSOCIATION'S MOTION TO DISMISS

This matter comes before the court on Defendant Pacific Maritime Association's Motion to Dismiss. Dkt. 10. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY AND MOTION

Plaintiff filed this civil action on October 22, 2004. Dkt. 1. After his motion to proceed *in forma pauperis* was denied, plaintiff paid the filing fee on November 2, 2004. Dkt. 4. On November 18, 2004, the court issued a minute order requiring the parties to file a joint status report by March 16, 2005. Dkt. 7. In that minute order, the court informed plaintiff that he was responsible for starting the communications needed to comply with the minute order. *Id.*

On December 16, 2004, Clemens H. Barnes filed a Notice of Appearance on behalf of Pacific Maritime Association (PMA). Dkt. 8. On March 11, 2005, PMA filed a motion to dismiss this case. Dkt. 10. On March 23, 2005, a certificate of service was filed, showing that PMA was served with a copy of the summons and complaint on March 18, 2005. Dkt. 12. A joint status report has not been filed.

ORDER
Page - 1

PMA contends that this case should be dismissed because plaintiff has not served defendants within the time provided for in the Federal Civil Rules of Procedure, or in the alternative, that the court should set a deadline for plaintiff to properly serve defendants. Mr. Barnes stated that, after he had filed the Notice of Appearance, plaintiff contacted him and sent him copies of the court's minute order requiring initial disclosures and a joint status report. Dkt. 11, at 1. Mr. Barnes stated that, because neither PMA nor the co-defendant Local 23 of the ILWU had been served with a copy of the summons and complaint, he informed plaintiff that he needed to serve defendants. Dkt. 11, at 2.

## DISCUSSION

Fed.R.Civ.P. 4 provides in relevant part as follows:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

After PMA filed the motion to dismiss, PMA was served with a copy of the summons and complaint. Because PMA has now been served with a copy of the summons and complaint, the case against that defendant may proceed.

The court notes that proof of service on defendant Local 23 Longshoreman's Union has not been filed. More than 120 days have elapsed since plaintiff paid the filing fee in this case. Under Fed.R.Civ.P. 4(m), the court may dismiss the action without prejudice or direct that service be effected within a specified time. Rather than dismiss the case against Local 23 Longshoreman's Union at this time, the court should, in the interest of fairness, permit plaintiff additional time to properly serve this defendant and to file proof of service with the court.

The dates set forth in the court's November 18, 2004 minute order (Dkt. 7) should be stricken.

Plaintiff is proceeding *pro se* in this matter, that is, he is proceeding on his own behalf without counsel. Plaintiff is informed that it is his responsibility to comply with requirements of the Federal Rules of Civil Procedure and of the Local Rules for the United States District Court for the Western District of Washington. Failure to comply in the future with the applicable rules of procedure could result in adverse rulings by the court, and could even result in dismissal of the case.

Therefore, it is hereby

**ORDERED** that Defendant Pacific Maritime Association's Motion to Dismiss (Dkt. 10) is **DENIED**. Not later than May 13, 2005, plaintiff is **ORDERED** to serve the summons and complaint on defendant Local 23 Longshoreman's Union, in compliance with Rule 4 of the Federal Rules of Civil Procedure, and to file with the court proof of service in compliance with Fed.R.Civ.P. 4(l).  If plaintiff fails to file proof of service as directed herein, the court will dismiss Local 23 Longshoreman's Union as a defendant in this case.  The deadlines set forth in the court's November 18, 2004 minute order (Dkt. 7) are **STRICKEN**.  The following deadlines are hereby set:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | **JUNE 10, 2005** |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | **JUNE 17, 2005** |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Rule CR 16: | **JUNE 24, 2005** |

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 8th day of April, 2005.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge