UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALPHONSE L. REDDICKS,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATION, and<br>LOCAL 23 LONGSHOREMAN'S UNION,<br><br>Defendants. | Case No. C04-5714RJB<br><br>ORDER GRANTING DEFENDANT INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 23'S MOTION TO DISMISS PURSUANT TO FRCP 12(B) AND GRANTING PACIFIC MARITIME ASSOCIATION'S REQUEST FOR FINAL JUDGMENT UNDER FED.R.CIV.P. 54(b) |

This matter comes before the Court on Defendant International Longshore & Warehouse Union, Local 23's Motion to Dismiss Pursuant to FRCP 12(b)( Dkt. 21) and on Pacific Maritime Association's Request for Final Judgment under Fed.R.Civ.P. 54(b)(Dkt. 24).  The court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

PROCEDURAL HISTORY

On October 22, 2004, plaintiff filed an Employment Discrimination Complaint against Pacific Maritime Association (PMA) and Local 23 Longshoremans [sic] Union (ILWU), alleging that he was wrongfully terminated on the basis of race or color, religion, and in retaliation for being a witness in two separate grievances.  Dkt. 5.  In the complaint, plaintiff alleges that he was injured on the job on September

ORDER
Page - 1

19, 2003 at APM Terminals; that he was diagnosed by the Port clinic doctor as having a mild head injury on September 22, 2003; that the doctor concluded that he had a concussion on September 23, 2004; and that this resulted in short term -memory loss. Dkt. 5, at 2-3. Plaintiff alleges that the alleged discriminatory conduct occurred on or about June 10, 2004. Plaintiff requested relief of $1,000,000,000.00 for disparate treatment, wrongful termination, termination without just cause, violation of his civil rights under the Fair Labor Standards Act, the Taft-Hartley Act and the National Labor Relations Act. Dkt. 5, at 4.

Plaintiff later filed documents that appear to set forth the claims more completely. Dkt. 18. Plaintiff contends that on March 18, 2004, he was deregistered or fired by the Tacoma Longshore Joint Port Labor Relations Committee for purportedly failing to pay Union dues for October of 2003, and for failing to provide an adequate or timely excuse for low hours for January of 2004. Dkt. 18, Description of Events. Plaintiff appears to claim that the reasons given for his deregistration were not the real reasons behind that action. He claims that his deregistration was actually based upon his "Jehovah Witness" religion and his African-American race; and in retaliation for catching a dispatcher practicing unfair dispatching procedures and for testifying on behalf of two individuals who filed grievances against the Union and the business agent. *Id.*

Plaintiff indicated in his complaint that the Equal Opportunity Commission issued a Notice-of-Right-to-Sue Letter, which stated that he received on September 1, 2004. Dkt. 5, at 4. Although the form language in the complaint indicated that a copy of the Notice-of Right-to-Sue Letter was attached, there was no such letter included with or attached to the complaint. The court notes that plaintiff did file a Charge of Discrimination with the Human Rights Commission on June 4, 2004, against PMA. Dkt. 18, Charge of Discrimination.

### A.  ILWU's MOTION TO DISMISS

The ILWU is an affiliate of the International Longshore and Warehouse Union, and represents longshore workers in the Port of Tacoma. PMA is a multi-employer bargaining association representing stevedoring companies and terminal operators in collective bargaining with the ILWU.

On July 7, 2005, defendant ILWU filed a motion to dismiss, contending that (1) plaintiff's Title VII claims against the Union should be dismissed for lack of subject matter jurisdiction because he did not file a

charge against the ILWU with the EEOC or Washington Human Rights Commission and did not receive an EEOC right-to-sue letter; (2) plaintiff has not alleged any facts to support a claim against the ILWU under the Fair Labor Standards Act and the ILWU is not his employer; (3) any claim under the National Labor Relations Act is preempted by the exclusive jurisdiction of the National Labor Relations Board and is untimely.  Dkt. 21.

On July 14, 2005, plaintiff filed a response to the ILWU's motion to dismiss, contending that the ILWU is jointly and severally liable for damages in this case; and that the ILWU has been allowing co-defendant PMA to act as an agent from the very beginning, when he was put on probation on November 20, 2003, until his deregistration on March 18, 2004.  Dkt. 23.

On July 20, 2005, PMA filed Response of Co-Defendant Pacific Maritime Association to Defendant Union's Motion to Dismiss.  Dkt. 24.  PMA stated that it takes no position on the ILWU's motion to dismiss plaintiff's Title VII claims against the ILWU; and, as to plaintiff's remaining claims, PMA joins in the ILWU's motion, and requests that the court direct entry of a final judgment as to those claims, as to both defendants, pursuant to Fed.R.Civ.P. 54(b).  Dkt. 24.

## LEGAL STANDARD

A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957).  Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief.  *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988).  If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d at 1300. If the claim is not based on a proper legal theory, the claim should be dismissed. *Id*.

A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated*

1  *Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the burden of proving the existence
2  of subject matter jurisdiction.  *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel &
3  Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When considering a motion to dismiss pursuant to Rule
4  12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve
5  factual disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560
6  (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375,
7  1379 (9th Cir. 1983).  In considering this motion, the court has relied on documents plaintiff has filed in this
8  case (Dkt. 17 and 18), but only as they relate to the court's jurisdiction.

DISCUSSION

**1. Exhaustion of Administrative Remedies Under Title VII.**  The ILWU contends that this court lacks jurisdiction over plaintiff's Title VII claims against it because he did not file a charge against the ILWU with the EEOC or the Washington Human Rights Commission and did not receive an EEOC right-to-sue letter.

To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir.2002).  Under Title VII, a plaintiff must exhaust his administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge.  42 U.S.C. § 2000e-5(b); *see also B.K.B.*, 276 F.3d at 1099.

Although plaintiff stated in his complaint that he had filed an EEOC charge and had received a Notice-of-Right-to-Sue, the evidence before the court shows that he did neither with regard to the ILWU. On June 4, 2004, plaintiff did file a Charge of Discrimination with the Washington State Human Rights Commission (HRC) against PMA, but the ILWU was not named in the charge.  Dkt. 18, Charge of Discrimination.  Accordingly, plaintiff did not exhaust his administrative remedies with regard to complaints of discrimination against the ILWU.  Any attempt to do so now would be untimely, since the deregistration occurred in March of 2004.  *See* 42 U.S.C.A. § 2000e-5(e)(1)("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter,

1  except that in a case of an unlawful employment practice with respect to which the person aggrieved has
2  initially instituted proceedings with a State or local agency with authority to grant or seek relief from such
3  practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge
4  shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful
5  employment practice occurred, or within thirty days after receiving notice that the State or local agency has
6  terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge
7  shall be filed by the Commission with the State or local agency."). The court does not have subject matter
8  jurisdiction over plaintiff's Title VII discrimination claims against the ILWU, and those claims should be
9  dismissed.

10  Because plaintiff did not exhaust his administrative remedies as required by Title VII, this court
11  does not have jurisdiction over his Title VII claims against the ILWU. The court should grant the ILWU's
12  motion to dismiss plaintiff's Title VII claims against the ILWU.

**2. Fair Labor Standards Act, Taft-Hartley Act, and National Labor Relations Act**

14  The ILWU argues that the court should dismiss claims under the Fair Labor Standards Act (FLSA),
15  Taft-Hartley Act, and National Labor Relations Act (NLRA).

16  Plaintiff has not stated a claim against the ILWU under the FLSA because the ILWU is not an
17  employer under the FLSA. 29 U.S.C. § 203(d)(employer under FLSA "does not include any labor
18  organization...or anyone acting in the capacity of officer or agent of such labor organization.").

19  The Labor Management Relations Act is also known as the Taft-Hartley Act, and encompasses the
20  NLRA. *Pacific Maritime Ass'n v. Local 63, Intern. Longshoremen's and Warehousemen's Union*, 198 F.3d
21  1078, 1079 n.2 (9th Cir. 1999). Plaintiff has not stated a claim under the NLRA because the National Labor
22  Relations Board (NLRB) has exclusive jurisdiction over claims under the NLRA. The six month
23  limitations period on filing an administrative claim with the NLRB has run, since the deregistration at issue
24  in this case occurred at the latest in March of 2004. *See San Diego Building Trades Council v. Garmon*,
25  359 U.S. 236 (1959);  29 U.S.C. § 160(b)("no complaint shall issue based upon any unfair labor practice
26  occurring more than six months prior to the filing of the charge with the Board"); *DelCostello v.
27  Teamsters*, 462 U.S. 151 (1983).

28  Plaintiff has not alleged jurisdiction nor facts to support any possible claims under these statutes.

ORDER
Page - 5

Claims against the ILWU under the FLSA, the Taft-Harley Act, and the NLRA should be dismissed.

### B. PMA'S REQUEST FOR FINAL JUDGMENT UNDER FED.R.CIV.P. 54(b)

PMA has requested that the court enter final judgment on its behalf for claims under the FLSA, the Taft-Hartley Act, and the NLRA. PMA stated that it takes no position on the ILWU's motion to dismiss plaintiff's Title VII claims against the Union. Dkt. 24.

#### LEGAL STANDARD

Fed.R.Civ.P. 54(b) provides as follows:

> Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Accordingly, if the court finds that there is no just reason for delay, the court may direct entry of judgment on behalf of PMA.

#### DISCUSSION

**1. Title VII Claim**

Plaintiff has alleged a Title VII claim against PMA. PMA's motion does not address or discuss plaintiff's Title VII claim against PMA. Accordingly, plaintiff's Title VII claim against PMA should be permitted to proceed.

**2. Fair Labor Standards Act, Taft-Hartley Act, and National Labor Relations Act**

Plaintiff has alleged a claim under the NLRA. As discussed above, a claim under the NLRA of the Taft-Hartley Act is subject to the exclusive jurisdiction of the NLRB, and any such claim is time-barred by the applicable six month limitation period. Plaintiff was deregistered at the latest on March 24, 2004, and a claim with the NLRB would now be time barred. *See* Dkt. 18, March 24, 2004 letter from Robert N. Roedel to plaintiff. This claim should be dismissed.

Plaintiff has also alleged an FLSA claim. PMA was not plaintiff's employer; it is an association of maritime industry employers, but is not itself the longshore workers' employer. *See Anderson v. Pacific*

1 *Maritime Association,* 336 F.3d 924 (9th Cir. 2003). Further, plaintiff cannot state a claim against PMA on the basis that PMA is an indirect employer. *Anderson v. Pacific Maritime Association*, 336 F.3d at 932 (imposition of indirect-employer liability against PMA inappropriate).

Plaintiff had ample opportunity to respond to the FLSA, Taft-Hartley Act, and NLRA issues raised in ILWU's summary judgment motion. The reasons supporting dismissal of those claims against ILWU apply to PMA. There is no just reason for delay in entering judgment on behalf of PMA, and the court should direct entry of judgment, pursuant to Fed.R.Civ.P. 54(b), in favor of PMA on plaintiff's FLSA, Taft-Hartley Act, and NLRA claims.

### C.  DISMISSAL WITH PREJUDICE

Because plaintiff filed this complaint *pro se*, the court has construed the pleadings liberally and has afforded him the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). Because it is clear that no amendment can cure the defects in the pleadings, the court should dismiss the FLSA, Taft-Hartley Act, and NLRA claims against the ILWU and PMA, and the Title VII claims against the ILWU with prejudice. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995)(Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) (pro se litigants must be given leave to amend complaint unless it is absolutely clear that amendment would be futile).

Therefore, it is hereby **ORDERED** that Defendant International Longshore & Warehouse Union, Local 23's Motion to Dismiss Pursuant to FRCP 12(b) (Dkt. 21) is **GRANTED**, and all claims against the International Longshore & Warehouse Union, Local 23 are **DISMISSED WITH PREJUDICE**. Pacific Maritime Association's request for entry of final judgment (Dkt. 24) is **GRANTED**, and all claims, with the exception of the Title VII claim, against Pacific Maritime Association are **DISMISSED WITH PREJUDICE**. The Title VII claim against Pacific Maritime Association may proceed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 1st day of August, 2005.

Robert J. Bryan

United States District Judge